IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Elliot, Jr., | No. CV 10-2326-PHX-SRB (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 1. Respondents filed an Answer, doc. 15, to the Petition to which Petitioner has replied, doc. 19   For the reasons set forth below, the Petition should be denied.

**I. Background**

**A. Charges and Sentences**

On July 15, 2004, Petitioner was indicted in the Pinal County Superior Court in Cause Number CR-2004-00960 (the "2004 case), on one count of burglary in the second degree; one count of sexual abuse of a person under 15 years of age, a class 3 felony and dangerous crime against children; one count of sexual conduct with a minor under the age of 18, a class 6 felony; and one count of sexual assault of a person 15 years of age or older, a class 2 felony. (Respondents' Exh. A)[1]

---

[1] Respondents' Exhibits appear at docket 17.

1     Before the 2004 case was resolved, Petitioner was indicted in Cause Number CR-2005-
01225 (the "2005 case"), on one count of sexual assault with a person 15 years of age or older,
a class 2 felony, arising out of a separate incident. (Respondents' Exhs. B, C,)

On March 13, 2006, Petitioner pled guilty in the 2004 case to one count of burglary in
the second degree, a class 3 felony; and pled no contest in the 2005 case to attempted sexual
assault as a class 3 felony. (Respondents' Exh. E) The state court[2] accepted Petitioner's pleas,
suspended imposition of sentence in both matters, and placed Petitioner on concurrent 5-year
terms of probation. (Respondents' Exh. F)

Shortly thereafter, Petitioner absconded and was indicted in Cause Number CR-2006-
00993 (the "2006 case") with one count of failing to inform the Sheriff's Department of his new
address and register as a sex offender, a class 4 felony. (Respondents' Exh. G) The State filed
petitions to revoke probation in the 2004 and 2005 cases, alleging that Petitioner had failed to
maintain an approved residence and that his whereabouts were unknown. (*Id.*).

A year later, it was discovered that Plaintiff had moved to Florida when, on August 16,
2007, he was indicted in the United States District Court, Southern District of Florida with one
count of failing to register under the Sex Offender Registration and Notification Act.
(Respondents' Exh. H) Petitioner was found guilty as charged and sentenced to 30 months in
federal prison. (*Id.*) On direct appeal, the Eleventh Circuit Court of Appeals reversed the
Florida District Court's judgment and sentence and Petitioner was released from federal custody
on September 29, 2008. (*Id.*).

Upon Petitioner's release, he was returned to the custody in the State of Arizona based
on outstanding warrants for his arrest. (Respondents' Exh. P) On January 26, 2009, Petitioner
pled guilty before the Honorable Boyd T. Jackson in the Superior Court of Arizona, Pinal
County, to one count of failure to inform the Sheriff's Department of a new address, a class 4

---

[2] The Honorable Stephen F. McCarville presided.

- 2 -

felony.[3] (Respondents' Exh. I) That same day, Petitioner admitted violating the terms of his probation in the 2004 and 2005 cases. (Respondents' Exhs. I, N)

On March 30, 2009, Petitioner was sentenced in all three cases to a combined total of 8 years' imprisonment - 4.5 years' imprisonment in the 2006 case, to run consecutively to concurrent terms of 3.5 years' imprisonment in the 2004 and 2005 cases. (Respondents' Exh. J) Petitioner was given credit for 427 days presentence incarceration in the 2004 case, and 282 days of presentence incarceration in the 2005 case. (Respondents' Exh. L)

**B. Post-Conviction Proceedings**

On May 15, 2009, Petitioner filed a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. (Respondents' Exh. K) On January 14, 2010, Petitioner, through counsel, filed a petition. (Respondents' Exh. L) Petitioner asserted that, pursuant to A.R.S. § 13-712(B), he was entitled to presentence incarceration credit for the time he was in federal custody because the State of Arizona had placed a "hold" on him, and his federal conviction and sentence were ultimately reversed. (*Id.*) Petitioner further argued that he was only given 181 days of presentence-incarceration credit in the 2005 case despite the state court's intent to award him credit for 282 days, and that the imposition of a prosecution fee was illegal. (Respondents' Exh. L)

The court denied Petitioner's petition for post-conviction relief on June 3, 2010. The Court found that the issue of the prosecution fee had been resolved and, therefore, was moot. The Court further found that Petitioner was not entitled to presentence incarceration credit for his time in federal custody because, at the time, he was not in Arizona custody pursuant to his Arizona offenses. (Respondents' Exh. N) Although the Court denied Petitioner's other claims, it ordered that the sentencing document in the 2005 case be corrected to reflect that Petitioner was entitled to 282 days preincarceration credit. (Respondents' Exh. N)

On July 13, 2010, Petitioner filed a timely petition for review in the Arizona Court of Appeals. (Respondents' Exh. O; doc. 15 at 5, n. 6) Petitioner presented one claim - that the

state court abused its discretion by denying him credit for time he served in federal custody. (Respondents' Exh. O) He argued that he was entitled to credit for the time served in federal custody because he was in federal custody both on federal charges and pursuant to the Arizona probation hold, and the federal sentence was ultimately vacated. (*Id.*) The Arizona Court of Appeals granted review but denied relief, finding that Petitioner had failed to cite any authority to support his claim that, while in federal custody, he was also serving time for three Arizona offenses. (Respondents' Exh. P) The appellate court further found that there was nothing in the record to show that, without the Arizona detainer, Petitioner would have spent less time in federal custody before that conviction and sentence were overturned. (*Id.*) As a result, the court found that the post-conviction court correctly ruled that Petitioner was not entitled to presentence incarceration credit against his Arizona sentences for time served in custody in Florida. (*Id.*)

### C. Federal Habeas Corpus Petition

On October 28, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1) The Court dismissed the Petition with leave to amend to allege a violation of federal constitutional or statutory rights. (Respondents' Exh. S) On December 27, 2010, Petitioner filed an Amended Petition for Writ of Habeas Corpus. (Doc. 6) The Amended Petition includes a single claim that Petitioner's Fifth and Fourteenth Amendment rights were violated by the denial of presentence incarceration credit against his Arizona sentences for the 14 months he spent in federal prison in Florida. (Doc. 6 at 6)

Respondents concede that the Petition is timely under the AEDPA limitations period. (Doc. 15 at 6-8) Respondents argue that the Amended Petition should be dismissed because it does not state a federal claim and, therefore, is not cognizable on federal habeas corpus review pursuant to 28 U.S.C. § 2254. In his Reply, Petitioner re-urges the merits of his claim, and adds two news claims. He also requests an evidentiary hearing and the appointment of counsel. (Doc. 19) The Court finds that his matter is suitable for resolution on the pleadings, and that an evidentiary hearing is not required. 28 U.S.C. § 2254(e)(2).

### D. Appointment of Counsel

Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the district court to appoint counsel for indigent state prisoners applying for habeas corpus relief when "the interests of justice so require." *Id.* However, appointment of counsel is only mandatory if the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970).

Petitioner does not provide any argument in support of his request for counsel. He has not established that counsel is necessary to prevent the violation of due process and the Court does not find any reason to appoint counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming the denial of the appointment of counsel where petitioner presented issues coherently).

## II. Analysis

In his only ground for relief,[4] Petitioner argues that the state court violated his Fifth and Fourteenth Amendment rights by denying him presentence incarceration credit against his Arizona sentences for the 14 months he was incarcerated in federal prison, on federal charges, in Florida.

---

[4] In his Reply, Petitioner, for the first time, asserts a double-jeopardy claim arguing that the failure to give him presentence incarceration credit for time spent in federal custody violates the double jeopardy clause. (Doc. 19 at 5-8) Petitioner is merely re-casting his sentencing claim as a double jeopardy claim. The Court will not consider this argument because it was raised for the first time in Petitioner's reply. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (claim raised for first time in traverse will not be considered); *Lewis v. Witek*, 927 F.Supp. 1288, 1291 n. 2 (C.D.Cal.1996) (same). Moreover, despite the "Double Jeopardy" label, Petitioner is still asserting a state-law claim.

Petitioner's Reply also asserts, for the first time, a claim of ineffective assistance of counsel during his post-conviction proceeding, an "of-right" proceeding. (Doc. 19 at 8-16) Again, this claim is not properly raised for the first time in Petitioner's reply in support of his petition for habeas corpus relief. *Cacoperdo*, 37 F.3d at 507. Moreover, it appears that this claim is procedurally defaulted and barred from federal habeas corpus review because it was not presented on appeal of the denial of Petitioner's Rule-32 petition. (Respondents' Exh. O); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Title 28 U.S.C. § 2254(a) sets forth the scope of review for federal habeas corpus petitions:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or law or treaties of the United States*.

28 U.S.C. § 2254(a) (emphasis added). Accordingly, "[a] habeas petition must allege the petitioner's detention violates the constitution, a federal statute or a treaty." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied, Franzen v. Deeds* 493 U.S. 1012 (1989) (citing 28 U.S.C. § 2254(c)(3)). "[F]ederal habeas corpus does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Gilmore v. Taylor*, 508 U.S. 333, 349 (1993) (stating that "mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas."). The purpose of habeas proceedings under § 2254 is to ensure that state convictions satisfy federal constitutional requirements applicable to states. *Burkey v. Deeds*, 824 F.Supp. 190, 192 (D.Nev. 1993). A habeas petitioner cannot "transform a state law issue into a federal one by merely assertion a violation of due process." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)).

Petitioner argues that he was denied presentence incarceration credit against his Arizona sentences for time spent in federal custody for a conviction and sentence that was later vacated. (Doc. 6) Petitioner's claim of sentencing error involves the interpretation and application of Arizona sentencing law, A.R.S. § 13-712(B). Such sentencing error claims are not cognizable on federal habeas corpus review. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (finding that petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas); *Christian* v. *Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (holding that "claim regarding merger of convictions for sentencing is exclusively concerned with state law and therefore not cognizable in a federal habeas corpus proceeding."); *Sturm*

*v. California Adult Authority*, 396 F.2d 446, 448 (9th Cir. 1967) (noting that "a state court's interpretation of its [sentencing] statute does not raise a federal question.").

Although Petitioner alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution, his conclusory allegations do not transform his state-law claim into a federal one. *Poland*, 169 F.3d at 584.

Because Petitioner's sentencing claim constitutes a challenge to the application of state law, it is not cognizable on federal habeas corpus review. 28 U.S.C. § 2254; *McGuire*, 502 U.S. at 67-68; *Jackson v. Ylst*, 921 F.2d 882 (9th Cir. 1990) (federal court has no authority to review state application of state law); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (refusing to consider alleged errors in violation of state sentencing law). Accordingly, the Petition should be dismissed. In view of the determination that Petitioner's claim in not cognizable on federal habeas corpus review, the Court need not consider Respondents' alternative argument regarding procedural default.

In accordance with the foregoing,

**IT IS RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 6, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6, Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 30th day of August, 2011.

Lawrence O. Anderson
United States Magistrate Judge